## S. R. McCRABB v. HERBERT R. GRAF.[1]

January 7, 1921.

No. 22,074.

**Exchange of property — payment of assessment — question for jury.**

The evidence made a case for the jury upon the question whether, in an exchange of lands by the plaintiff and the defendant, a designated sum of money was retained by the plaintiff under an agreement with the defendant as to the payment of a disputed ditch assessment.

Action transferred to the district court for Blue Earth county to recover $397.25. Defendant interposed a counterclaim for $500. The case was tried before Comstock, J., who when plaintiff rested and at the close of the testimony denied defendant's motion for a directed verdict and directed a verdict in favor of plaintiff for $222.25 and interest. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*Ivan Bowen* and *LeRoy Bowen,* for appellant.

*Hiram S. Goff,* for respondent.

DIBELL, J.

The court directed a verdict for the plaintiff for $222.25 and interest, a total of $239.05. The defendant appeals from the order denying his motion for a new trial.

The plaintiff exchanged property in Iowa for the defendant's farm in Blue Earth county. The defendant agreed to pay interest to the amount of $397.25 on a $12,000 mortgage then on the land. He

[1]Reported in 180 N. W. 1018.

failed to do so and the plaintiff was compelled to pay it. This action is brought to recover this sum. The right to recover it is admitted.

The controversy arises upon a counterclaim for $500 interposed by the defendant. The plaintiff was to pay the defendant $1,500 when the deal for the exchange was closed. He paid only $1,000. The counterclaim is for the balance of $500.

There was some trouble between the parties over a ditch assessment on the defendant's farm. The plaintiff claims that on June 20, 1917, he and the defendant got together; that he agreed to take care of the ditch assessment in excess of $500; that the defendant agreed to take care of it up to $500; that the $500 was retained to meet the assessment, and that the deeds were then exchanged. The ditch assessment was finally fixed in the ditch proceeding at $325. The court directed a verdict for $397.25, less $175 or $222.25, which was the difference between the $500 retained and the $325 ditch assessment, and to the $222.25 interest was added. This was in accordance with plaintiff's claim of what the agreement was.

The exchange of deeds on June 20 was had in the office of a trust company in Mankato. The secretary of the company testified that the defendant was there. He did not give the details of the arrangement then made, except that $500 was retained. The plaintiff and the land agent, who in behalf of the defendant had negotiated the exchange, testify that the defendant was present and that the agreement was as the plaintiff claims it to be. The defendant denies that he was in the trust company's office when the claimed settlement was made. He denies that a settlement was made. It is not claimed that the agent had authority to make a settlement for him. The defendant claims that he did not know of the retention of the $500 until some time afterwards, and that he was immediately in dispute with the plaintiff about it.

The evidence well supports the plaintiff's contention. We cannot hold it conclusive. The issue was for the jury.

In view of another trial we add that if an agreement was made, such as the plaintiff claims, and under the circumstances stated, and

the deeds were exchanged pursuant thereto, we see no difficulty because of the statute of frauds nor because of want of consideration.

Order reversed.